**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HASSAN DJAHED,**

                **Plaintiff,**

**-vs-**                                               **Case No. 6:08-cv-962-Orl-18GJK**

**BONIFACE AND COMPANY,**

                **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** (Doc. No. 11) |
| **FILED:** | **September 5, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I. BACKGROUND**

On June 13, 2008, Hassan Djahed (the "Plaintiff") filed a complaint (the "Complaint") against Boniface and Company, Inc. (the "Defendant") alleging employment discrimination based on national origin and religion in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Doc. No. 1. On August 11, 2008, Defendant filed its Answer and Affirmative Defenses (the "Affirmative Defenses"). Doc. No. 7. On September 5, 2008,

Plaintiff filed the present Motion to Strike Affirmative Defenses (the "Motion").  Doc. No. 11. Defendant did not file an opposition to the Motion.   The Motion is now before the Court.

Plaintiff's Complaint asserts two causes of action against Defendant.  Doc. No. 1.  In Count I, Plaintiff alleges the Defendant "intentionally discriminated against [Plaintiff] in violation of Title VII [of the Civil Rights Act of 1964] by creating a hostile work environment because of his race, national origin and/or religion."  Doc. No. 1 at ¶ 18.  In Count II, Plaintiff alleges the Defendant violated the Florida Civil Rights of Act of 1992 by intentionally discriminating against Plaintiff and creating a hostile work environment because of Plaintiff's race, national origin and/or religion.  Doc. No. 1 at ¶ 23.  Plaintiff alleges that as a result of Defendant's conduct, Plaintiff has suffered embarrassment and humiliation, mental and emotional anguish and suffering, and loss of enjoyment of his job and life.  Doc. No. 1 at ¶¶ 19, 24.

In its response to the Complaint, Defendant asserts twenty-three affirmative defenses. Doc. No. 7. The following eighteen affirmative defenses are relevant to the pending Motion: the First Affirmative Defense, which alleges failure to state a claim upon which relief can be granted because the Plaintiff was not subjected to the conduct of which he complains; the Second Affirmative Defense, which alleges failure to state a claim upon which compensatory and/or punitive damages may be granted; the Third Affirmative Defense, which alleges the Plaintiff cannot establish the allegations in the Complaint because Defendant is an equal opportunity employer and at all times had in place an equal opportunity employer policy; the Fourth Affirmative Defense, which alleges Defendant had a legitimate, justifiable and non-discriminatory reason for any employment decision regarding Plaintiff; the Fifth Affirmative Defense, which alleges that any employment decisions regarding Plaintiff  were made regardless of his national

origin, race, or religion; the Ninth Affirmative Defense, which alleges that Defendant's employees, to the extent they may have acted unlawfully, acted outside the scope of their employment and the actions were undertaken without the Defendant's knowledge; the Tenth Affirmative Defense, which alleges it is not liable for the acts or omissions of its managers which were beyond the scope of his/her employment; the Eleventh Affirmative Defense, which alleges the claims are barred by the doctrines of estoppel, waiver, misrepresentation and/or unclean hands; the Twelfth Affirmative Defense, which alleges Plaintiff's claims for damages based on emotional, mental, or physical injuries are barred by the exclusivity provisions of the applicable workers compensation laws; the Thirteenth Affirmative Defense, which alleges that Plaintiff's recovery, if any, must be reduced or diminished by the amount of Plaintiff's comparative fault; the Fourteenth Affirmative Defense, which alleges failure to state a claim upon which an award of attorneys' fees and costs may be granted; the Fifteenth Affirmative Defense, which alleges that even if Defendant had impermissible motive, the employment decisions were reached for legitimate business reasons; the Sixteenth Affirmative Defense, which generally alleges that Plaintiff is not entitled to damages because the conduct complained of did not occur; the Seventeenth Affirmative Defense, which alleges that Plaintiff's own conduct contributed to the actions at issue; the Eighteenth Affirmative Defense, which generally alleges that all employment actions directed at Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory reasons; the Nineteenth Affirmative Defense, which generally denies that Defendant conducted any of the actions complained of by Plaintiff; the Twentieth Affirmative Defense, which alleges that Plaintiff cannot state a cause of action because any decision made by the Defendant in regard to Plaintiff's termination was made for legitimate, justifiable, and non-discriminatory, non-

retaliatory reasons; the Twenty-Second Affirmative Defense, which alleges that Plaintiff did not suffer any damages attributable to the Defendant; and the Twenty-Third Affirmative Defense, which alleges a Rule 11 violation. Doc. No. 7 at 6-11.[1]

**II.    THE MOTION**

In its Motion, Plaintiff seeks an order striking affirmative defenses as insufficient defenses, redundant, immaterial, impertinent, or scandalous. Doc. No. 11 at ¶ 3. Plaintiff maintains that these defenses should be stricken because they simply assert bare conclusions, fail to comply with the applicable pleading standards contained in Federal Rules of Civil Procedure 8, or are repetitive because the same contentions are raised as denials in the Defendant's Answer. Doc. No. 11 at ¶ 4. Plaintiff maintains that pursuant to Rule 8, Defendant's Second Affirmative Defense (Failure to State a Claim), Eleventh Affirmative Defense (Waiver, Estoppel, Misrepresentation, Unclean Hands), Thirteenth Affirmative Defense (Beyond the Scope), and Fourteenth Affirmative Defense (Failure to State a Claim/Attorneys' Fees) are not adequately pled even under the liberal pleading requirements of the Federal Rules of Civil Procedure because the Defendant failed to allege any facts upon which the defense are based. Doc. No. 11 at ¶ 8.

Plaintiff maintains that Defendant's Third Affirmative Defense (Equal Opportunity Employer) is not an affirmative defense, but simply states that Defendant is an equal opportunity employer. Doc. No. 11 at ¶ 12. Therefore, Plaintiff argues that it should be stricken as immaterial. *Id*. Plaintiff maintains that Defendant's Fourth Affirmative Defense (Legitimate, Justifiable and Non-Discriminatory Employment Decisions) and Fifth Affirmative Defense (Employment Action Regardless of National Origin, Race, or Religion) are not proper defenses in

---
[1] On September 17, 2008, Defendant filed a Notice of Withdrawal of Affirmative Defense withdrawing Defendant's Twenty-Third Affirmative Defense. Doc. No. 16. Therefore, the Court does not address Plaintiff's Motion regarding the Twenty-Third Affirmative Defense.

this case and should be stricken as immaterial because Plaintiff does not allege a adverse employment action such as termination or demotion, but only alleges harassment and hostile work environment. *Id*. at ¶ 13. Plaintiff maintains that Defendant's Fifteenth Affirmative Defense (Legitimate Business Reason), Eighteenth Affirmative Defense (Legitimate Business Reason), and Twentieth Affirmative Defense (Legitimate Business Reason) should be stricken as immaterial and redundant because Plaintiff has not alleged an adverse employment action such as termination or demotion which would give rise to such a defense. *Id*. at ¶ 14. Plaintiff maintains that Defendant's Seventeenth Affirmative Defense (Contributory Negligence) should be stricken because contributory negligence is not a defense to at Title VII or Florida Civil Rights Act claim. *Id*. at ¶ 15. Plaintiff maintains that Defendant's First Affirmative Defense (Failure to State a Claim), Sixteenth Affirmative Defense (Conduct Complained Did Not Occur), Nineteenth Affirmative Defense (Conduct Complained of Did Not Occur), and Twenty-Second Affirmative Defense (No Damages Attributable to Defendant) should be stricken because they constitute a general denial of any factual allegation in the Complaint. *Id*. at ¶ 16. In support of his argument, Plaintiff relies on *In re Rawson Food Services, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."), and *Van Schouwen v. Connaught Corporation.*, 782 F.Supp. 1240, 1247 (N.D. Ill. 1991) ("An affirmative defense generally admits the matters alleged in a complaint but brings up some other reason why the plaintiff has no right to recovery. It thus introduces arguments not raised by a simple denial."). *Id*.[2]

---

[2] Although the Motion requests the Court strike Defendant's Ninth, Tenth, and Twelfth Affirmative Defenses, the body of the Motion fails to address these affirmative defenses and the last paragraph of the Motion does not include these affirmative defenses among those affirmative defenses sought to be stricken. Doc. No. 11 at ¶ 18. Therefore, the undersigned has not included Defendant's Ninth, Tenth, and Twelfth Affirmative Defenses in its analysis below.

## III. THE LAW

**Motion to Strike Pursuant to Rule 12(f).**

Rule 12(f), Federal Rules of Civil Procedure governs the sufficiency of affirmative defenses. *Id*. Pursuant to Fed.R.Civ.P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. Courts generally disfavor motions to strike. *Ayers v. Consolidated Construction Services of SW Florida, Inc.*, 2007 WL 4181910 *1 (M.D.Fla.2007).[3] A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)). Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed.R.Civ.P. 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D.Fla.2006). Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(b) and (d)(1). Certain defenses are subject to the heightened standard of pleading contained in 9(b) which states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

---

[3] Pursuant to the Eleventh Circuit Rules, unpublished opinions are merely persuasive authority. 11th Cir. R. 36-2.

Fed. R. Civ. P. 9(b). Accordingly, the pleading requirements for complaints and affirmative defenses under Rules 8 and 9 are essentially the same.[4] An affirmative defense that simply contains conclusory allegations is improper. *Microsoft*, 211 F.R.D. at 684. The affirmative defense must be stricken if it provides no more than a bare bones conclusory allegation. *Id*.

**IV.     ANALYSIS.**

Defendant's Second, Eleventh, Thirteenth, and Fourteenth Affirmative Defenses are improper because they contain mere conclusory allegations which are totally devoid of any allegations that would put Plaintiff on notice of the factual basis for the legal defenses asserted. Thus, the Second, Eleventh, Thirteenth, and Fourteenth Affirmative Defenses should be stricken.

Defendant's First, Third, Fourth, Fifth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twentieth, and Twenty-Second Affirmative Defenses are improper because they are not affirmative defenses. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) ("[A] defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense."). The Seventeenth Affirmative Defense (Contributory Negligence) is inapplicable in this case because Plaintiff has not alleged negligence on the part of Defendant. Therefore, the First, Third, Fourth, Fifth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-Second Affirmative Defenses should be stricken because the matters pled do not constitute affirmative defenses or are not affirmative defenses applicable to the this case.

---

[4] It should be noted that under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. "[F]or example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements." *McGlothan.*, 2006 WL 1679592 at *1.

## V. CONCLUSION.

For the foregoing reasons, it is RECOMMENDED that:

(A) Defendant's Second, Eleventh, Thirteenth, and Fourteenth Affirmative Defenses should be stricken because they are conclusory allegations;

(B) Defendant's First, Third, Fourth, Fifth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-Second Affirmative Defenses should be stricken because the matters pled do not constitute affirmative defenses or are inapplicable to this case;

(C) The Motion be GRANTED and the Defendants be given 10 days leave to amend its Answer and Affirmative Defenses.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on January 29, 2009.

Copies to:
Presiding District Judge
Counsel of Record

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE